## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

IN RE:

T & A PROPERTIES, LLC
Debtor

Chapter 11
Case No.:11-20546-JNF

### DEBTOR'S MOTION FOR ORDER GRANTING FINAL DECREE

NOW COMES the Debtor, T & A Properties, LLC, (hereinafter the "Debtor") and, pursuant to 11 U.S.C. § 350, Fed. R. Bankr. P. 3022, and MLBR 3022-1, hereby moves this Honorable Court for entry of the Final Decree submitted herewith as a proposed order. As set forth below, the Debtor's confirmed plan has been substantially consummated and its estate has been fully administered. Accordingly, the entry of a final decree closing this case is appropriate at this time. In further support hereof, the Debtor states as follows:

1. This case was commenced by the voluntary filing by the Debtor of a petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code (hereinafter the "Code"), 11 U.S.C. § 101 et seq., on November 8, 2011 (hereinafter the "Petition Date").

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b). This is a core proceeding; the Court has jurisdiction and authority to enter a final order on this Motion pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

3. On, September 20, 2012, the Court entered an Order confirming the *First Amended Combined Plan of Reorganization and Disclosure Statement* (hereinafter the "Plan") pursuant to section 1129(a) of the Code. The Confirmation Order has not been stayed and no parties have appealed the entry of such order.

4. In pertinent part, section 350 of the Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Rule 3022 provides that the Court, on motion of a party in interest shall, enter a final decree closing a case "[a]fter an estate is fully administered in a chapter 11 reorganization case . . . ." Fed. R. Bankr. P. 3022.

5. Although neither the Code nor the rules of Federal Rules of Bankruptcy Procedure (hereinafter the "Rules") articulate when an estate is fully administered, the Advisory

Committee Note to Rule 3022 makes it clear that the Court should consider many of the same factors that are examined when determining whether a plan has been substantially consummated. See Advisory Committee Note (1991) to Fed. R. Bankr. P. 3022; see also In re BankEast Corp., 132 B.R. 665, 668 n. 3 (Bankr. D. N.H. 1991) (noting that the Court considers a chapter 11 estate "fully administered" for purposes of rule 3022 when substantial consummation has been achieved). In particular, the Court should consider the following factors:

(1) whether the order confirming the plan has become final;

(2) whether deposits required by the plan have been distributed;

(3) whether the property proposed by the plan to be transferred has been transferred;

(4) whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan;

(5) whether payments under the plan have commenced; and

(6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

See Advisory Committee Note (1991) to Fed. R. Bankr. P. 3022.

6. All of the foregoing requirements have been satisfied in this case in that (i) the Confirmation Order has become final and no appeal was filed; (ii) the Plan's requirement of an approximate $15,000.00 capital contribution by the Debtor's managing member has been completed; (iii) the Plan did not require the transfer of any property from the Debtor; (iv) the Debtor has continued to operate the business as required by the Plan; (v) the payments under the Plan have commenced; and (vi) all motions, contested matters and adversary proceedings have been finally resolved.

7. For purposes of Chapter 11, the term "substantial consummation" means:

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or management of all or substantially all of the property dealt with by the plan; and

(C) commencement of the distributions under the plan.

11 U.S.C. § 1101(2).

8. The Plan has been substantially consummated in accordance with 11 U.S.C. §1101(2), the provisions of the Plan and the Confirmation Order, there have been no subsequent orders of the Court and that the case may now be closed in accordance with Fed. R. Bank. P. 3022.

9. The Debtor, trustee or agent has paid all administrative expenses including court-authorized professional compensation and costs (unless otherwise agreed upon in writing by the parties or unless otherwise provided for by the confirmed plan), as evidenced by the attached Exhibit "A".

10. The Debtor has commenced making distributions prescribed by the Plan, as evidenced by the attached Exhibit A listing the names, addresses and amounts paid to each of the recipients.

11. All remaining distributions prescribed by the Plan shall be made in accordance with the terms of the Plan. Although the Debtor has not yet fully paid the administrative claim of its bankruptcy counsel, as provided for in the Plan, the Debtor and the undersigned counsel have agreed a payment plan, under which the Debtor will pay $3,000.00 each month until all such fees are paid. As of this date, approximately $8,000.00 remains to be paid.

12. By the time of the hearing on this Motion, the Debtor will have paid all of the fees due and payable under 28 U.S.C. § 1930, including the fees for the first quarter of 2013 as and when such are due. Additional fees for the second quarter of 2013 will be due for amounts distributed through the date of closure of this case.

13. The Debtor will have filed all of its post-confirmation monthly operating reports before the hearing on this Motion.

14. As stated above, substantial consummation occurs upon the commencement, not the completion, of distributions. Accordingly, it is appropriate under applicable law that the Court close this case now. As the Advisory Committee Note to Rule 3022 states, "Section 350 of the Code requires the Court to close the case after the estate is fully administered and the trustee has been discharged. Section 1143 places a five year limitation on the surrender of securities when required for participation under a plan but this provision should not delay entry of the final decree." Fed. R. Bankr. P. 3022, ACN.

15. The court should not keep the case open only because of the possibility that the

Court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered does not deprive the Court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to section 350(b) of the Code. Id. ACN (1991). See also In re Jordan Mfg. Co., 138 B.R. 30 (Bankr. C.D. Ill. 1992) (noting that the entry of a final decree should not be delayed because all payments under the plan have not been made or because a party may wish to invoke the court's jurisdiction in the future).

    16.    The Debtor has complied with all relevant provisions of the Plan, the Code, the Rules and the Local Rules and under applicable law a final decree should enter and the case should be closed without prejudice to the rights of the Debtor, creditors, or other interested parties to invoke the Court's jurisdiction for any of the purposes described in the Plan.

    WHEREFORE, the Debtor prays that the Court enter the proposed accompanying Final Decree closing this case, and grant the Debtor such further relief as is just and appropriate under the facts and circumstances of this case.

> Respectfully submitted
> T & A Properties, LLC.
> By its attorney

Dated: March 21, 2013

> /s/ Marques C. Lipton
> Marques C. Lipton, Esq.
> The Law Office of Timothy Mauser
> 11 Beacon Street, suite 240
> Boston, MA 02108
> 617-338-9080
> 617-275-8990 (facsimile)
> mlipton@mauserlaw.com