UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 |
| T&A PROPERTIES, LLC, ) | Case No. 11-20546-JNF |
| ) | |
| Debtor. ) | |
| ) | |

### AFFIDAVIT OF SETH H. HOCHBAUM

I, Seth H. Hochbaum, hereby depose and state on oath as follows:

1. My name is Seth H. Hochbaum. I am an attorney licensed to practice law in the Commonwealth of Massachusetts and in the United States District Court for the District of Massachusetts.

2. I am a partner in the firm of Regnante, Sterio & Osborne LLP ("RSO") with offices in Wakefield, Massachusetts.

3. I was appointed Special Counsel for the Debtor, T & A Properties, LLC ("Debtor"), in the above-referenced matter and have represented Debtor in connection with the pursuit of insurance claims resulting from fire losses that occurred at two properties owned by Debtor, one located at 514 Sumner Street, East Boston, Massachusetts and the other located at 144-146 Webster Street, East Boston, Massachusetts. A copy of the Order granting Debtor's Application to have me appointed as Special Counsel is attached to the Fourth and Final Application by Regnante, Sterio & Osborne LLP for Compensation Pursuant to 11 U.S.C. § 3309(a), filed herewith ("Fourth Application"), as Exhibit 2.

4. On February 22, 2012, RSO filed a first Application for Compensation for legal fees rendered to Debtor from November 8, 2011, the date on which Debtor filed a voluntary

petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code, through and including February 9, 2012.

5. On August 1, 2012, RSO filed a Second Application for Compensation for legal services it rendered to Debtor from February 16, 2012 through and including August 1, 2012.

6. On January 3, 2013, RSO filed a Third Application for Compensation, for legal services it rendered to Debtor from August 14, 2012 through and including January 3, 2013.

7. By this Fourth Application, RSO seeks compensation for legal services it rendered to Debtor between January 14, 2013 and June 11, 2013, plus costs incurred in rendering such services. A true and accurate copy of the itemized time record for legal fees and costs in connection with RSO's representation of Debtor from January 14, 2013 through and including June 11, 2013, in the above-referenced matters is attached to the Fourth Application Exhibit 3 and incorporated herein by reference ("time record").

8. The time record was generated by RSO in good faith and in the ordinary course of business.

9. All itemized time and cost entries on the time record were made contemporaneously with the performance of the services rendered.

10. The time record truly and accurately represents the time expended to represent Debtor in the above-referenced matters, the hourly rates in effect as of the dates on which those services were rendered, the nature of the services rendered on behalf of Debtor in connection with the above-referenced matters, and the costs incurred by RSO to render such servcies.

11. From January 14, 2013 through and including June 11, 2013, RSO expended six and one tenth (6.1) hours providing legal services to Debtor in connection with the above-referenced matters.

12. I believe that the attorneys' fees and costs itemized on the time record are reasonable.

13. On January 5, 2011, when Debtor retained RSO to pursue insurance proceeds related to the fire losses, Debtor paid a $2,500.00 retainer and that amount was subsequently applied to satisfy invoices for legal services provided by RSO.

14. After the $2,500.00 retainer amount was fully applied to satisfy Applicant's invoices for legal services, Applicant continued to provide legal services, billed on an hourly basis, to Debtor.

15. The legal fees and costs set forth in the time record are related to communicating with the Debtor and opposing counsel regarding Debtor's code upgrade and depreciation holdback claims; handling settlement issues on open code upgrade and depreciation holdback claims; requesting extensions of the limitations periods for submission of further code upgrade and depreciation holdback claims; reviewing opposing counsel's requests for documentation in support of Debtor's code upgrade claims and producing responsive supplemental documents; and preparing and filing a motion for new opposition deadline in connection with Applicant's Third Application for Compensation.

16. RSO has no agreement to share its legal fees and expenses in this matter with any other party and has not done so.

17. The above statements are made upon my personal knowledge, information or belief and insofar as upon information and belief, I believe the information to be true.

Signed under the penalties of perjury this 16th day of July, 2013.

/s/ Seth H. Hochbaum